

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 13, 1952

Hon. Karl Cayton
District Attorney
Lamesa, Texas

Dear Sir:

Opinion No. V-1460

Re: Retention and disposition
by the district attorney
of a ten per cent commis-
sion on a collection made
in a State hospital patient
board and treatment case.

You have requested an opinion concerning
the authority of the district attorney to retain fees
and commissions for performing duties provided in
Article 3232a, V.C.S.

Section 11 of Article 3232a, V.C.S., provides:

"Indigent public patients shall be sup-
ported entirely at the expense of the State.
Non-indigent public patients shall be kept
and maintained at the expense of the State
as in the first instance; but in such cases
the State shall have the right to be reim-
bursed for the support, maintenance and treat-
ment of such non-indigent patients and the
claim of the State for such support, main-
tenance and treatment shall constitute a
valid lien against property of such patient,
or in case he has a guardian, against the
estate, or against the person or persons who
may be legally liable for his support, main-
tenance and treatment and financially able
to contribute thereto; and such claim may be
collected by suit or other procedures, in the
name of this State, by the county or district
attorney of the county from which said patient
is sent, or in case of the refusal or inability
of both to act, the Attorney General shall rep-
resent the State against such patient, his
guardian, or the person or persons liable for
his support, maintenance and treatment, as
the case may be; such suit or proceeding to
be instituted upon the written request of
the State Board of Control, accompanied by

the certificate of the superintendent of the hospital as to the amount due the State, which shall in no case exceed the sum set by the Board of Control. In all such suits or proceedings, the certificate of the superintendent shall be sufficient evidence of the amount due the State for the support of such patient. <u>The county or district attorney representing the State shall be entitled to a commission of ten per cent (10%) of the amount collected.</u> All money so collected, less such commission, shall be, by said attorney, paid to the hospital, which shall receive and receipt for the same and shall use the same for the maintenance and improvement of said hospital." (Emphasis added.)

Section 61 of Article XVI of the Constitution of Texas provides in part:

"All fees earned by district, county and precinct officers shall be paid into the county treasury where earned for the account of the proper fund, provided that fees incurred by the State, county and any municipality, or in case where a pauper's oath is filed, shall be paid into the county treasury when collected and provided that where any officer is compensated wholly on a fee basis such fees may be retained by such officer or paid into the treasury of the county as the Commissioners Court may direct. . . ."

By virtue of the above-quoted constitutional provision the district attorney is required to pay into the county treasury all fees collected by his office in performance of his duties. Therefore, it is our opinion that the ten per cent commission prescribed in Section 11 of Article 3232a, V.C.S., for representing the State in the collection of claims due the State for the support, maintenance and treatment of non-indigent public patients cannot be retained by the district attorney and must be paid into the officers' salary fund as required by Section 61 of Article XVI of the Constitution of Texas.

## SUMMARY

The fees and commissions prescribed in Section 11 of Article 3232a, V.C.S., for representing the State in the collection of claims due the State for the support, maintenance and treatment of non-indigent public patients cannot be retained by the district attorney and must be paid into the officers' salary fund as required by Section 61 of Article XVI of the Constitution of Texas.

Yours very truly,

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Mary K. Wall
Reviewing Assistant

Charles D. Mathews
First Assistant

JR:mh

PRICE DANIEL
Attorney General

By *John Reeves*
John Reeves
Assistant